THE BOROUGH OF PARAMUS IN THE COUNTY OF BERGEN, AND PHILIP D. SMITH AND ANNA C., HIS WIFE, PHILIP C. GEIBEL AND MILDRED, HIS WIFE, LOUIS CASTAGNONI, HOWARD QUICK, MYRNA PANITZ, AND STEPHEN J. SCHMIDT, PLAINTIFFS-APPELLANTS, v. THE COUNTY OF BERGEN, AND THE BOARD OF CHOSEN FREEHOLDERS, DEFENDANTS-RESPONDENTS.

Argued December 2, 1957—Decided January 6, 1958.

Mr. *Nicholas S. Schloeder* argued the cause for appellants.

Mr. *Milton T. Lasher* argued the cause for respondents.

The opinion of the court was delivered by

WACHENFELD, J.  Forest Avenue is a county road, about four miles long, running through the Boroughs of Paramus, Oradell and Emerson to the Westwood boundary line in Bergen County.  It was established by successive grants and dedications beginning in 1920.  Although the donated right-of-way was 66 feet wide, up until 1957 it had been improved and used as a street only to the extent of 40 feet.  Twenty-two feet of this width was paved, with a nine-foot shoulder remaining on either side.  Many of the landowners situated on Forest Avenue constructed curbs, built sidewalks and planted grass, trees and shrubs in the unused portion of the right-of-way which comprised 13 feet on each side of the shoulders of the road.

On March 20, 1957 the Bergen County Board of Free-holders adopted a bond resolution authorizing, *inter alia,* the improvement of Forest Avenue, 50% of the necessary funds to be supplied by the county with the remainder coming from the Federal Government under the Federal Highway Act, 23 *U. S. C. A.* § 1 *et seq.*  The resolution contemplated that the width of the existing roadway would be expanded to 46 feet and entirely paved with bituminous concrete.

The Borough of Paramus and a number of its residents owning property along Forest Avenue instituted an action in lieu of prerogative writ, endeavoring to have the bond resolution set aside in so far as it applied to Forest Avenue and to enjoin the County of Bergen from proceeding with the projected improvements.  They also asked for "such other and further relief as may be required."

It was charged the resolution constituted "an unreasonable confiscation and arbitrary imposition," was "an unconstitutional deprivation of their property without due process of law," and gave rise to "a menace to the health, safety, and general welfare of the said abutting property owners. * * *"

In particular, the plaintiffs asserted that the proposed expansion of the roadway by three feet on either side would:

(1) deprive them of some of the improvements they had made between the existing edge of the roadway and their property lines; (2) destroy the sidewalk and cause pedestrians to walk in the street where their lives would be endangered; (3) result in an enormous increase in traffic inconsistent with the original public easement and making ingress and egress from driveways difficult and dangerous; and (4) compel property owners who had not improved the right-of-way to either side of the existent roadway to remove boulders, trees and other obstructions.

The defendants' answer, in substance, was a denial and also contained a separate defense as to failure to institute suit within time, with which we are not here concerned, and a second defense contending "[t]he complaint is legally insufficient, and fails to state a legal cause of action."

The defendants served a notice of motion for summary judgment upon the ground that the "Plaintiff's claim is legally insufficient and that no material issue of fact is raised by said pleadings," and upon the additional ground that there "exists no genuine issue as to any material fact challenged and that the Defendant, the County of Bergen, is entitled to a judgment as a matter of law."

On that motion, without benefit of affidavits from either side, summary judgment in favor of the defendants was awarded. The plaintiffs appealed to the Appellate Division, and we granted certification on our own motion prior to argument below.

There is no challenge to the efficacy of the procedure by which the bond resolution was passed. Plaintiffs argue that the invalidity of the resolution with respect to Forest Avenue lies principally in the possibility that the enjoyment of their property will be diminished and in the certainty that the improvements the plaintiffs themselves have made in the right-of-way will be partially destroyed.

Basically, the foundation of the complaint is that the proposed improvement of Forest Avenue is an "arbitrary imposition upon the plaintiffs." No private property is being condemned here, however, and the governing body

entrusted with responsibility for highway maintenance is merely expanding an existing road within an existing right-of-way. Under such circumstances, the decision to make improvements would ordinarily appear to be entirely a matter of legislative discretion with which the courts customarily would not interfere.

The wisdom of making public improvements is not a matter for judicial investigation, and the courts will not intervene in the proceedings to bring about a public improvement in the absence of fraud or patent illegality. *Suburban Land & Improvement Co. v. Borough of Vailsburg,* 67 *N. J. L.* 461 (*Sup. Ct.*), affirmed 68 *N. J. L.* 311 (*E. & A.* 1902); 13 *McQuillan, Municipal Corporations* (*3d ed.* 1950), § 37.25.

Even a disagreement among experts as to the advisability of widening a particular road or as to the best method of accomplishing it—absent fraud, bad faith or a palpable abuse of discretion—would not justify a denial of summary judgment. *City of Newark v. New Jersey Turnpike Authority,* 12 *N. J. Super.* 523 (*Ch. Div.*), affirmed 7 *N. J.* 377 (1951).

There is no allegation that public funds are being misapplied or an improper scheme employed, so that neither the court below nor we had or have any grounds for nullifying the action agreed upon by the freeholders of the county.

The general rule is that an abutting owner cannot prevent the governmental agency having control of the street or road in front of his property from widening or improving it as is deemed best for the public interest. 13 *McQuillan, supra,* at § 37.6; 39 *C. J. S. Highways* § 141. See *Sherman v. Butcher,* 72 *N. J. L.* 53 (*Sup. Ct.* 1905).

The boards of chosen freeholders are given power to construct, maintain and widen county roads by *R. S.* 27:16–1 and are specifically empowered to contract with the State Highway Commissioner for road work with the aid of the Federal Government. *R. S.* 27:8–1.

We have searched the record in vain for some fact or circumstance showing an "arbitrary imposition" by the

freeholders, as charged in the complaint. In fact, its projection was so tenuous that it was completely abandoned on oral argument, as well it might have been since there was nothing to support it.

Considerable emphasis was placed on alleged claims for consequential damages resulting from the improvement of Forest Avenue, the plaintiffs having in mind, no doubt, the possibility of recovering damages for destruction of the curbs, sidewalks, trees and ornamental shrubs which they had placed in the unused portion of the right-of-way. The compensability of the damage which they will suffer, if any, is not an issue properly before us nor do we undertake to determine it, but even if we concede that the individual property owners will acquire valid claims, there is still no ground for enjoining the freeholders from commencing and completing their project. The property owners must look to their action at law, if any, for damages if any result.

There is no genuine issue as to any material fact and the defendant was entitled to the judgment granted in its favor as a matter of law.

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices HEHER, WACHENFELD, BURLING, JACOBS, FRANCIS and PROCTOR—7.

*For reversal*—None.